# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KIRSCH RESEARCH AND DEV., LLC,** | ) | **CASE NO. 5:20 CV 903** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**ORDER OF STAY**</u> |
| | ) | |
| **SYSTEM COMPONENTS CORP.,** | ) | |
| | ) | |
| Defendant. | ) | |

---

| | | |
|---|---|---|
| **KIRSCH RESEARCH AND DEV., LLC,** | ) | **CASE NO. 1:20 CV 901** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**ORDER OF STAY**</u> |
| | ) | |
| **OWENS CORNING, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court in the above-captioned, related patent infringement cases are the following pending motions:

> Motion to Stay filed by Defendant System Components Corporation ("System Components"), Case No. 5:20 CV 903, **Doc #: 16**, and

> Motion to Stay filed by Defendants Owens Corning, Owens Corning Roofing & Asphalt, LLC, and Interwrap Corp. (together, "Owens Corning"),
> Case No. 1:20 CV 901, **Doc #: 19**.

These cases are related because Plaintiff Kirsch Research and Development, LLC ("Kirsch"), is suing both System Components and Owens Corning (together, "Defendants") over the same two patents. For reasons articulated below, the Court grants as unopposed a mandatory stay of

litigation involving the '251 patent which is pending before the United States International Trade Commission ("ITC"). The Court also grants Defendants' motion for discretionary stay of litigation involving the '482 patent, which expired in March 2020, pending final resolution of the ITC investigation into the '251 patent.

## I.

On April 24, 2020, Kirsch filed these cases alleging that Defendants have infringed two of its patents – U.S. Patent Nos. 8,765,251 ("the '251 patent") and 6,308,482 ("the '482 patent"). As noted, the '251 patent is pending before the ITC, and the '482 patent is not. Kirsch does not oppose Defendants' request for a mandatory stay of the '251 patent claims. See 28 U.S.C. § 1659(a). The only question, then, is whether the Court should grant Defendants' request for a discretionary stay of litigation over the '482 patent.

### a.

Defendants contend they will suffer a clear hardship if forced to litigate the two related patents in two different forums simultaneously. System Components asserts that ITC matters are notoriously fast-paced litigation with scores of attorneys representing companies that are large, often publicly traded manufacturers with significant patent-litigation infrastructure in place, while System Components is a smaller, private company with insufficient resources to handle both litigations at the same time. Both Defendants assert that litigation for both patents implicate the same inventor, the same technology, the same accused products, many of the same fact witnesses, potentially the same expert witnesses, and much of the same evidence. Thus, hardship will come to both Defendants in the form of overlapping discovery such as exchanging and responding to largely overlapping sets of discovery, having employees sit for multiple

overlapping depositions, and producing and re-producing documents–all of which can be avoided by granting a discretionary stay. Finally, it is Kirsch that made the decision to wait until after the '482 patent expired to litigate both patents. Since injunctive relief is no longer available for infringement of the '482 patent and the only available relief is monetary damages, the relief, if any, can be resolved at a later time.

### b.

Kirsch counters that the '482 patent is from a different patent family than the '251 patent, is not before the ITC, and cannot be asserted there due to its expiration. This court is the only venue from which Kirsch can seek relief from Defendants' alleged infringement of the '482 patent because the patent has expired. The mere fact that the patents are both directed to roofing underlayment cannot carry the day, as the patents are not identical and, in any event, ITC determinations are not binding on this Court. Additionally, Defendants have failed to establish a clear case of hardship or inequity. To the extent there is an overlap in discovery across the two patents, discovery obtained in these cases regarding the '482 patent will remain available for use after the stay of the '251 patent is lifted. And finally, because there is no possibility that the ITC Investigation will dispose of any claim or issue in this case, Defendant will have to litigate this case regardless of the result of the ITC investigation.

### II.

It is well established that a district court possesses the power to grant a discretionary stay if circumstances so warrant. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014); *Flexsys Am., LP v. Kumho Tire, USA, Inc.*, No. 5:05 CV 156, 2005 WL 1126750, at *2 (N.D. Ohio Apr. 29, 2005). The "power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S 248, 254 (1936)). Courts typically exercise this discretion when a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results." *Id*. "In exercising its substantial discretion to determine whether to grant a stay, a district court generally considers prejudice to the non-moving party if a stay is granted, prejudice to the moving party if a stay is not granted, and the extent to which judicial economy and efficiency would be served by the entry of a stay." *Cybergenetics Corp. v. Inst. of Envtl. Sci. & Research*, No. 5:19 CV 1197, 2020 WL 564217, at *2 (N.D. Ohio Jan. 27, 2020) (inner quotations omitted).

Courts in this district have favored a stay of litigation when a district court action and ITC investigation involve overlapping but not identical patents. *See, e.g., Flexsys Am., LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05 CV 156, 2005 WL 1126750, at *2-4 (N.D. Ohio Apr. 29, 2005); *Lincoln Elec. Co. v. Atl. China Welding Consumables*, No. 1:09 CV 1844, 2010 WL 11566320, at *2 (N.D. Ohio Jan. 4, 2010). While the patents at issue may not be from the same patent family, a stay may be warranted where the patents concern the same products, and discovery in the ITC proceeding is similar to discovery in the district court case. *Lincoln Elec.*, 2010 WL 11566320, at *2 (inner quotations omitted). Defendants bear the burden of establishing a discretionary stay. *Cybergenetics*, 2020 WL 564217, at *2.

### III.

The Court, having reviewed the briefs, finds Defendants have satisfied their burden of establishing that a discretionary stay of litigation over the '482 patent is warranted. Contrary to Kirsch's assertion, going forward on the '482 patent will *in fact* involve piecemeal litigation. In

addition to this case, Kirsch has filed numerous cases involving these same patents in district courts in other jurisdictions. Doc #: 20, at 4. At least one of those courts has granted a stay of the entire case "for the purposes of judicial economy and to avoid duplicative proceedings." See Doc #: 22-1 (citing *Kirsch Research and Dev., LLC v. Epilay, Inc.*, Case No. 2:20 CV 3773-RGK-JPR (C.D. Calif. Aug. 4, 2020).

Additionally, Kirsch concedes that rulings coming from the ITC investigation are not binding on this Court. Thus, after the mandatory stay is lifted, the Court may have to analyze rulings coming from the ITC investigation in resolving the same issues in these two cases. And although these cases involve two different patents, it is undisputed that there will be a significant amount of overlapping discovery. Relevant discovery produced in the ITC can be used in these cases after the mandatory stay is lifted. Finally, if the undersigned stays litigation of this case, there may well be Markman decisions by other district courts on the '482 patent (and possibly the '251) which will likely lead to resolution of these cases.

It was Kirsch's decision to file these two cases involving the same two patents after the '482 patent expired. That is Kirsch's right. But as Kirsch can no longer obtain injunctive relief involving the '482 patent, the only available relief, if any, is monetary damages. Monetary damages can be determined at a later date.

**IV.**

The Court finds that Defendants System Components and Owen Corning have carried their burden to show that a discretionary stay is warranted under these circumstances. The Court grants as unopposed a mandatory stay of litigation involving the '251 patent, and the Court

grants a discretionary stay of litigation involving the '482 patent. In sum, litigation of both cases is hereby **STAYED** pending final determination by the ITC as to the '251 patent.

      **IT IS SO ORDERED.**

                                  */s/ Dan A. Polster    August 10, 2020*
                                  **Dan Aaron Polster**
                                  **United States District Judge.**

.